USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HMS HOLDINGS, LLC,

Plaintiff,

-against-

A newtype of Shop et al.,

Defendants.

26 Civ. 4421 (AT)

**PRELIMINARY INJUNCTION ORDER**

The Court has considered Plaintiff HMS HOLDINGS, LLC ("Plaintiff" or "HMS HOLDINGS"), Motion for a Preliminary Injunction (the "Motion") and oral arguments made in the hearing before the Court on June 30, 2026. *See* ECF Nos. 17, 19. Based on the papers and other evidence submitted in support of the Motion, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. The Court has personal jurisdiction over Defendants for the purpose of Plaintiff's motion pursuant to Federal Rule of Civil Procedure 4(k)(2). First, this action arises under federal law, the Lanham Act, 15 United States Code Section 1051, *et seq.*, *see* Compl. ¶¶ 1, 3, ECF No. 23. Second, Plaintiff has met its burden of certifying that, to its knowledge, Defendants are not subject to jurisdiction in any state court of general jurisdiction, according to the sworn declaration of Plaintiff's counsel submitted in support of its motion for a preliminary injunction. *See Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020); Mu Decl. ¶ 12, ECF No. 24. Third, Plaintiff has sufficiently alleged that Defendants have targeted their sales of infringing products to markets in the United States, including in this District,

through online marketplace platforms like PayPal, Shop Pay, and Temu and have targeted consumers in the United States, by, for example, offering shipping to the United States, including to New York, and listing the infringing products in U.S. dollars. *See* Compl. ¶¶ 5–6, 23; *see generally* Compl. Schedule A; Compl. Ex. 1, ECF No. 24-1 (infringing evidence). Although Defendants have the right to challenge the existence of a basis for personal jurisdiction, Plaintiff's allegations are uncontested, and such a showing is sufficient to support a claim for injunctive relief. *See Overnight Blowout LLC v. Xuchang Yunduan Hair Prods. Co.*, No. 24 Civ. 7926, 2024 WL 5202547, at *4 (S.D.N.Y. Dec. 23, 2024).

2. Plaintiff is likely to prevail on its trademark infringement claims at trial.

3. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's U.S. Trademark Registration Nos. 4,823,979; 6,273,107; 2,297,205; 2,906,149; and 2,117,341 (collectively, the "HMS HOLDINGS Marks") in connection with the systematic advertisement, distribution, offering for sale, and sale of products bearing counterfeits, reproductions, or colorable imitations of the HMS HOLDINGS Marks (the "Infringing Products") into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including, but not limited to, PayPal, Shop Pay, Temu, Payoneer, Ping Pong, Amazon, and Walmart held by Defendants (the "<u>User Account(s)</u>").

b. Plaintiff has well-founded fears that more Infringing Products will appear in

the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to Plaintiff's HMS HOLDINGS Marks.

4. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with Plaintiff's HMS HOLDINGS Marks if a preliminary injunction order is not issued. The public interest favors the issuance of a preliminary injunction to prevent the sale of counterfeit goods and the resulting consumer confusion.

5. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

**ORDER**

The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65, 15 U.S.C. § 1114, 1116(a) and (d), and 1125(a). Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

1. As sufficient causes have been shown, Defendants are hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:

a. manufacturing, importing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the Plaintiff's HMS HOLDINGS Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. using the Plaintiff's HMS HOLDINGS Marks on or in connection with any seller alias that any Defendant may own, operate, or control on any online marketplace platform (each, a "Marketplace");

e. any and all use of the Plaintiff's HMS HOLDINGS Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serve to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and

f. altering, disabling, closing, transferring ownership of, or creating any

new seller alias or account on any Marketplace.

**Asset Restraint**

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, the following Financial Institutions: (i) WhaleCo Inc. ("Temu"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) Ping Pong Global Solutions Inc. ("Ping Pong"), and (v) Shopify Inc. ("Shop Pay") (collectively referred to as the "Financial Institutions"), and any other financial institution or payment processor holding Defendants' accounts or assets, shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff within seven (7) days of receipt of service of this Order.

**Expedited Discovery**

3. As sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a. within five (5) days of receipt of service of this Order, the Financial Institutions shall preserve and provide the following information to

Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control): (i) identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; (ii) any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto); (iii) information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution; and (iv) all transaction records, sales histories, and revenue data relating to the sale of Infringing Products by Defendants.

4. As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**<u>Service by Electronic Mail and/or Electronic Publication</u>**

5. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants and the Financial Institutions (as defined herein) if it is completed by the following means:

a. Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed by Plaintiff (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions, or to the Financial Institutions if the Financial Institutions are unable to provide e-mail addresses, or via Defendants' marketplace messaging systems or seller portals if e-mail addresses are unavailable.

**Security Bond**

6. The $1,500.00 bond posted by Plaintiff, which the Court finds sufficient given the strength of Plaintiff's case and the nature of Defendants' infringing conduct, shall remain with the Court until a final disposition of this case or until this Order is terminated.

**Application to Vacate or Dissolve**

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

SO ORDERED.

Dated: July 7, 2026
New York, New York

ANALISA TORRES
United States District Judge

**Schedule A**

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | A newtype of shop | Temu | 634418226681169 |
| 2 | AAA Trendy Hat Commune | Temu | 634418220562054 |
| 3 | AAABLBLH | Temu | 634418220440945 |
| 4 | ABSKK | Temu | 634418223906802 |
| 5 | Ageunitywear | Temu | 634418219737027 |
| 6 | AIR CHEN SHOP | Temu | 634418223446455 |
| 7 | AmundsenX | Temu | 634418212605105 |
| 8 | Apex Threads Collective | Temu | 634418225865810 |
| 9 | Apollure | Temu | 634418221754594 |
| 10 | Artistry Avenue Workshop | Temu | 634418218800203 |
| 11 | AstralHoha | Temu | 634418222650123 |
| 12 | Aura Style Shop | Temu | 634418219840575 |
| 13 | Awesome Selection - Because you are warm | Temu | 1380484513345 |
| 14 | BBCAIXJH | Temu | 634418219206365 |
| 15 | beiguida | Temu | 634418225412866 |
| 16 | Bells Cabin | Temu | 634418222083679 |
| 17 | BK baseball cap | Temu | 634418220487487 |
| 18 | BMSDSA | Temu | 634418222388355 |
| 19 | Boldly say that I miss you very much | Temu | 634418227572800 |
| 20 | Bright Justice | Temu | 634418218838541 |
| 21 | Brooklyn Stitch Co | Temu | 634418226336080 |
| 22 | Burst into a fiery red smile | Temu | 634418228266197 |
| 23 | C910418'shop | Temu | 634418219578200 |
| 24 | CALMWALK Live | Temu | 634418219088862 |
| 25 | Canvas Wardrobe | Temu | 634418226189423 |
| 26 | Chaohui Purchase | Temu | 634418212981789 |
| 27 | CHAOTNFSS | Temu | 634418221401085 |
| 28 | cheennn wuu wwuuu | Temu | 634418224860388 |
| 29 | chenqunyinger | Temu | 634418221737943 |
| 30 | chenyinjian | Temu | 634418220107597 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 31 | Chic Custom Shop | Temu | 634418218027048 |
| 32 | Chlin Hat Shop | Temu | 634418222347765 |
| 33 | Citrusly Party | Temu | 634418224393961 |
| 34 | cool sportsman | Temu | 634418219426639 |
| 35 | Cool Summer Hat Eleven Houses | Temu | 634418223877656 |
| 36 | Cool Summer Hat nine Houses | Temu | 634418223705989 |
| 37 | Cool Summer Hat ten Houses | Temu | 634418223778229 |
| 38 | coupang | Temu | 634418216998695 |
| 39 | Crafting hats | Temu | 634418221253526 |
| 40 | CT Clothes | Temu | 634418226721581 |
| 41 | Customized Trend hat | Temu | 634418220834351 |
| 42 | DDTEMUJF | Temu | 634418221352585 |
| 43 | Deer Star | Temu | 634418219534836 |
| 44 | Difficult to disperse | Temu | 634418225534152 |
| 45 | Distinct Custom | Temu | 634418220039839 |
| 46 | douqunwei | Temu | 634418225413649 |
| 47 | Dynamic womens wear | Temu | 634418222801613 |
| 48 | East West Menswear | Temu | 634418227315180 |
| 49 | Eclat Threacky Lucky | Temu | 634418225359950 |
| 50 | EnchantedPrints L | Temu | 634418222377815 |
| 51 | Excellent quality hat | Temu | 634418221792240 |
| 52 | Fable Flask | Temu | 634418224562489 |
| 53 | Fashion JK Link F | Temu | 634418224728501 |
| 54 | Fashion Seven Color Hats Shop | Temu | 634418221103489 |
| 55 | Fashion Sync Partners | Temu | 634418225482611 |
| 56 | fenzhang | Temu | 634418218934844 |
| 57 | Fufu baseball cap | Temu | 634418225462928 |
| 58 | Funky baseball cap | Temu | 634418221312890 |
| 59 | GKEHG SHOP FF | Temu | 634418211815938 |
| 60 | good abzccdaa | Temu | 634418228426782 |
| 61 | Graduate baseball cap | Temu | 634418220487111 |
| 62 | Greey Areaa | Temu | 634418220630150 |
| 63 | GuSaBing | Temu | 634418222714759 |
| 64 | Hanner JY shop | Temu | 634418219491324 |
| 65 | Hao Mmai | Temu | 634418212837092 |
| 66 | Hao Shen Huo | Temu | 634418222578496 |
| 67 | HarbourSon Two | Temu | 634418226887807 |
| 68 | Hat Voyage Cap | Temu | 634418225273789 |
| 69 | Helen Hat | Temu | 634418222917729 |
| 70 | helloohey | Temu | 634418222649223 |
| 71 | Hemp bean fashion clothing | Temu | 634418221555916 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 72 | High Discipline Clothing | Temu | 634418222963806 |
| 73 | HLKFWB | Temu | 634418221558319 |
| 74 | HMmai | Temu | 634418211796465 |
| 75 | HUI MP | Temu | 634418225313608 |
| 76 | ighting Clothing | Temu | 634418225312006 |
| 77 | iliejoie | Temu | 634418227004319 |
| 78 | Ingenuity E | Temu | 634418220224589 |
| 79 | Interesting hats | Temu | 634418220274750 |
| 80 | INXX CC | Temu | 634418224628051 |
| 81 | INXX HH | Temu | 634418224681590 |
| 82 | Jasmine YOS | Temu | 634418220134903 |
| 83 | jdkfol | Temu | 634418220502750 |
| 84 | JH Hoodie OOTD | Temu | 634418219948599 |
| 85 | Jikfuum | Temu | 634418219135747 |
| 86 | Junior Threads | Temu | 634418225981677 |
| 87 | KIJUHYGFF | Temu | 634418219198695 |
| 88 | King Cattle | Temu | 634418225164391 |
| 89 | KING MAN Clothing | Temu | 634418226014679 |
| 90 | KLAEE | Temu | 634418221326524 |
| 91 | KMLS | Temu | 634418216036217 |
| 92 | KROFT VEER | Temu | 634418225434708 |
| 93 | Kufei Clothes shop | Temu | 634418210691576 |
| 94 | LaceLuxe yangqingp | Temu | 634418225907627 |
| 95 | LFTTHGFW | Temu | 634418220224273 |
| 96 | LGQA Baseball Cap | Temu | 634418225284776 |
| 97 | Lianpinji | Temu | 634418221369085 |
| 98 | LidSpark | Temu | 634418225413477 |
| 99 | Lin Bao Dang | Temu | 634418224401923 |
| 100 | star sleeping blanket | Temu | 634418220882032 |